Good morning, and may it please the court. I'm Dan Donovan from Great Falls, Montana. I represent the defendant, Timothy Wolf Child, on this appeal. There's one issue here concerning a special condition of supervised release, and I want to start out with a rather broad statement, but having been in a lot of these kinds of cases over the last several years, it seems to me that the old scarlet letter A has been replaced by the modern scarlet letter SO for sex offender. Really what happened here is just because Mr. Wolf Child is a convicted sex offender, it's presumed that he's a child molester. But I don't make that presumption or that doesn't necessarily follow, particularly on the evidence presented. Mr. Donovan, as you will see in due course here, I'm very troubled by the last condition the judge hadn't imposed because he couldn't talk to anybody. I don't know if he's married to the woman he had his last children with, but he couldn't talk to her either. He couldn't apply for a job at McDonald's because he wouldn't know whether the person that was hiring had a child. So I'm troubled by that one, but I also note, to kind of put a little different shade on what you're talking about, that the pre-sentence report showed that Wolf Child began dating Natasha Newbrest when she was 14 years old and had a child with her while she was 14 or 15. He began dating Whisper Fox when she was 16 and had two children with her when she was between 16 and 18. This is no fly-by-night party boy. This is somebody who has clearly shown a propensity to prey on young women and not just prey on them but to have children with them. He is a sex offender. How old was he when he had a relationship with a 14-year-old? He was 17 then, and that's a little bit, obviously, closer in age. Admittedly, he was 21 when he had two children with his second significant other. But I would contend those are older. That doesn't mean he's a pedophile preying on young children. I mean, admittedly, these are teenage girls. I understand there is some ambiguity in law and a lot of policy issues about if you've got the male who's 16 and the girl who's 15 and so on. I get that. But in this case, my point is just simply that he has, it's clear and admitted, that he had sexual contact with a 14-year-old girl and a 16-year-old girl and had children with them. Under the circumstances, the question is, was Judge Haddon justified in imposing the conditions? He did. I've got real problems with the last one. But the other two, I'd appreciate your telling me what's wrong with those. They really don't seem out of line under the circumstances here. If we're looking at this one incident, I would agree with you, but we're not. What's the problem with the first two conditions? Well, the first one is reside with or be in the company of. I don't necessarily have a problem with reside with, and also an aspect here is the sex offender counseling and the testing and all that goes along with that. Presumably, when Mr. Wolfchild is released, he'll be under those rules and regulations. He'll be input from an expert as far as that goes. And there is, if I understand it correctly, he can do so with the consent of the probation officer, right? Right. Okay, so what the judge is saying is, look, I know this guy's got children. He's got to have some situation, but I want to do my best to protect these kids. This guy's shown that he likes to have sex with young girls. So I'm going to protect as much as I can. This is the way I'm going to do it. And there are cases, as you know, that uphold that. So my problem is, the first two are fine, are they not? Well, I have a problem with no contact with because I believe the court Again, with the exception of with the consent of the probation officer. Right, but that gives all control to the probation officer with no guidelines. And the way Judge Hatfield phrased it, basically, as a matter of course, this man's a convicted sex offender. He's a danger to young children, including his own, although the judge didn't say that. And therefore, he will not have any contact with young children as a matter of course. So he basically instructed the probation officer, be very careful, do not allow him to have any contact with even his own children. And I think the presumption switched around. There should be some presumption that he should have some, at least supervised, contact with his own children because there's no showing that he's Where do you see in the record that he is barred from seeing his own children? Again, I understand he has to get the consent of the probation officer. But where is he barred from seeing his own children? Well, it's in the record. Before I answer that question, let me just make a point. In our district, the District of Montana, we are not permitted to see the probation officer's recommendation part of the pre-sentence report. And that recommendation includes the recommended conditions of supervision. So neither counsel saw that until it was announced by the court. So I wasn't aware of that until Judge Hadfield or Judge Haddon read that. And then I objected and I said, well, this couldn't apply to his own children. It's in the record that Judge Hadfield made clear that it did apply to his own children. Yes, he did. I've got that in front of me right now. And he made it very clear that that was his intention. And he says, this man cannot be trusted with minor children in the view of this court and he will not be. He will have probationary supervision of this man, meaning the probation officer. If the probation officer in charge of his case deems it appropriate, the probation officer will have the capacity to make that call, but it will not be allowed as a matter of course. So what he's saying is the presumption is in favor of protecting the children. The case law upholds that right, does it not? Yes, but there's a constitutional right to have some contact with the children. But it's limited for people who are in jail, for people who are on probation. That's settled law, is it not? Yes, Your Honor. What is? Is it settled law that you can't have contact with your own children? Of course, if you're in jail, you may not be able to have contact with anybody. That's another issue. But is it settled law that you can't see your own children either when you're on probation or afterwards? I don't think that's settled law for any offender, including a sex offender. It's a case-by-case thing. Perhaps it's settled law in some states. I don't know, but there's no. Well, if you don't know, then don't answer the question. But I can tell you what the law is, if you want to know, about barring you from seeing your own children or having to get the consent of a probation officer. One of the things the law is is that kind of condition can't be imposed because it's a fundamental right unless the judge explains why when he imposes that condition. But if you know the answer to the question, answer it. But somebody may be a sex offender, but you need something to show that it's a threat to his own children. Is there anything in the record that shows that? No, and that's one of the things I'm saying, is that this condition was opposed in the generics by the judge saying, well, he's a sex offender, he's a danger to all children. There's nothing specific to make a finding that he should be cut off from his own children completely. Does he have to lay that out in the record? He had the pre-sentence report that has all of these details, and he said that he is not going to be allowed to have contact with children under the age of 18 without the approval of probation. He says this man cannot be trusted with minor children in the view of this court, and he will not be. He made a finding there that he doesn't trust him based upon what's in the pre-sentence report and what he saw before. Is that sufficient to meet the description of the law as my colleague has outlined it? Well, I don't think it is, and also we have in the record where he is a good father, several people wrote letters, he has a close relationship with his three daughters, and I think when that's in the record, the government's got to come in with something more specific to, you know, restrict the contact with his own children here. And having children with two underage girls before is not enough to buttress that? I don't think to completely cut him off from having any contact, except with the probation officer's approval. Or, as you mentioned a few minutes ago, having no contact with the mother of the children, even socially, can't even talk to the mother about his own children is the way this reads to me, without written permission from the probation officer. I'd like to reserve the remainder of my time for rebuttal. Thank you. May it please the Court. My name is Dana Jackson. I'm an AUSA out of Helena, Montana. The underlying court fashioned a special condition of supervised release that provides Wolfchild the right to have familial association with his children. At the same time, the special condition establishes How does it give him the right to have contact? You mean he can get permission from the probation officer? That is correct, Your Honor. And do you know of cases where you deprive someone of having a particularly significant liberty interest and require him to get the permission of a probation officer to exercise that interest? Your Honor, the other circuits specifically Well, do you know one in this circuit? No, Your Honor. Your Honor, the special condition also, at the same time, did something that's incredibly important, which is satisfy that the girls are also appropriately protected. And a probation officer needs broad discretion to contend with the dynamic nature of supervision. Should we turn over the affording of a liberty interest to see your own children to a probation officer? Your Honor, in this instance, the probation officer is in a specific position to be able to assess what needs to be done in our collective goal of getting a person So might the police be in a position to tell you whether you can see your own children? Your Honor Are you familiar with NAPALU? Your Honor, I did not brief up NAPALU. Well, that's the case where we kept two people who had a relationship, two ladies who had a relationship, from seeing each other unless a probation officer approved. And we said that was a particularly significant liberty interest, and you couldn't have a ban on that kind of a relationship except under certain conditions. But this is a particularly significant interest, but you can't turn that over to a probation officer, a ban on associating with a life partner. And it seemed to me that a ban on seeing your own children is a lot more significant, particularly since there's nothing in this record that suggests that he would be a danger to his own children. Your Honor, the record paints a picture of a man who has little self-control. Well, I'm not so sure it did. You know, 17-year-old boys having sex with a 14-year-old girl voluntarily? I mean, maybe not in Montana, but I can tell you a lot of places where that's not so unusual. I am shocked. I'm sure you're shocked. I am shocked. You know, there is other additional matters in the record that he – Well, I saw a lot of things that were all related to alcohol. Contributing to the delinquency of minors. That means giving a drink to a minor. And also in the very last – Nothing there that suggests sex. The last contact that he had with law enforcement involved another underage party that he was hosting where small children were involved. This man has shown – I don't know about that. That would be a problem. And it seems to me that if he were to want to take a job as a teacher in a middle school, that it would be perfectly appropriate for him to have to get some approval by his probation officer. But the problem I'm having here is that the restriction says all. And the judge was asked, does that even mean the children, his own children? And the judge says, yes, absolutely, because he's a danger. But there's nothing there to indicate that he's ever been a danger to his own children. And it treats – the same kind of permission has to be received for his own children, apparently. At least the judge reads it that way. For his own children, as it would for somebody else's children. And that does not seem right. The deference to the probation officer is an important point here. Because the probation officer has a professional – Is there anything to indicate that the probation officer would treat his own children differently? When the judge has said, this person is a menace and this covers all? You know, the probation officer has the ability to access his treatment providers. He will understand Wolfchild's needs to comply with other orders that might be subject to custodial arrangements. The probation officer is in the specific professional position as an arm of the court to be able to contend with the changing needs under supervision. Can I focus on the last portion of this, which really bothers me? That says, or date or socialize with anybody who has children under the age of 18. That could be male or female. He has no idea necessarily whether they have children. The word socializing is not defined. For example, if he wanted to apply for a job at McDonald's or Starbucks or something like that, didn't know the manager, talks to the manager, doesn't know whether they have children, he could be violating the condition right there. It's also unclear whether he's married to the mother of his two minor children. Does that prevent him from speaking with his wife? How can you justify that last part? Liberty interest or no? I mean, it's so ambiguous, so over-inclusive, I don't see how you get there. Tell me how you do it. Your Honor, I believe you get there by the deference, again, to the probation officer. How does the probation officer define what socializing is? How does the probation officer? It's a gotcha deal. He has no idea necessarily when he speaks to somebody in the hypothetical McDonald's whether they have children or not. Well, probation officers specifically help them with vocational planning. So he can't apply for a job himself without probation officer approval? I believe that is correct. But, Your Honor, the law, 3583E, provides a specific opportunity for modification or revocation of terms of supervised release. And there is a process. So what you're saying is that if they decide it's not working out too well, he's violated it a few times and he's probably back in jail, he can ask for a modification? Now, the probation officer can request a modification, but so can the defendant. I understand that. But the reality is here we're talking about, you yourself have said, this is a young man who has trouble with control. Our job is to make certain that we follow the law. And one of the laws that we follow is the Constitution, of course. And we also have requirements that if we're going to impose penalties or laws, that they ought to be understandable to people so they can comply. I don't know how I would comply with this. I'm a judge. I don't get it. What does it mean to socialize? Does it mean looking at somebody? What if you wink at somebody? If he winks at the manager of McDonald's, it turns out that she has children, has he violated this? What if he shakes hands with her? What if he walks down the street and he sees this manager stumble and he reaches over to try to help her and she says, thank you. He says, you're welcome. Bang, you've got it. You socialized with her. It just doesn't work, counsel. I don't get it. And the probation officer doesn't cure this problem. The issue on appeal was specific to his right to familial association. And in the context that you're describing, frankly, I think he would be perfectly able to be in a drive-in at McDonald's. That's because you're such a nice person. What if the probation officer is not? This isn't arbitrary enforcement from a probation officer. There is a process, and that's what's needed in this instance when we have significant interest of protecting these minor children. There's no significant interest in protecting his children from him. You have nothing in the record that says he's not a perfectly good parent. And, you know, the court telling somebody he can't see his children is a very serious infringement on fundamental liberties. If you read Stottero, you'll see that we have recognized that, and a judge can't do what this judge did, just impose a general condition and then say, sure, it covers your own children, you can't see them, without making specific findings. It's not enough to somewhere back in the record have said, I think you're a sex offender. And this judge clearly did not follow the procedural requirements necessary to take away someone's fundamental rights. And to say, I'll take away your fundamental rights because we have wonderful probation officers in Montana, and we're going to let them decide what your liberties are, your fundamental rights, whether you can see your wife, see your children, maybe you can do that if you make some very specific findings that this man has raped his own children, he's a threat to his family, and he shouldn't be allowed to talk to his wife. But, I mean, I... How do you feel about this? I think this is a really shocking way for a judge to behave. Your Honor, this... And the government shouldn't be defending this. Now you know how I behave. Your time has expired. All right. Well, thank you. Thank you. But I'm sure they're wonderful probation officers. I have no doubt. I have nothing to add. I'll submit, Your Honor. Thank you, Counsel. The case just argued will be submitted. Thank you both. It's nothing personal.
judges: Schroeder, Reinhardt, Smith